IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-30879
Summary Calendar

---

DAVID M. SOLIS,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:06-CV-2805

---

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges..

PER CURIAM:[*]

David Solis sued under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., for damages resulting from an alleged failure on the part of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Veterans Administration Medical Center ("VAMC") to inform him that he had tested positive for the Hepatitis C virus. The district court granted the United States summary judgment. We affirm.

I.

Solis had a longstanding history of substance abuse, dating to at least 1981, when he was discharged from the Army. He sought rehabilitation on numerous occasions. His medical records indicate that from January 1992 to May 1993, he participated in the Methadone Maintenance Program ("MMC"). He returned to the MMC in early 1996, and remained there until August 2001.

The administrator of the MMC regularly checked the patients for Hepatitis A, B, and C, because most had participated in high-risk activities such as intravenous drug use. The laboratory results indicated on two occasions that Solis had Hepatitis C. He first tested positive in 1999 but was not informed of that diagnosis. He tested positive again in May 2001 after manifesting signs of advanced liver disease. The VAMC informed him of that result.

Solis began treatment at the VAMC for cirrhosis immediately. He ultimately decided to seek treatment at the Tulane Medical Center ("TMC") in January 2002. When admitted to TMC, he informed Dr. Frederic Regenstein that he had never used intravenous drugs but had a history of cocaine and alcohol abuse. He did not mention his recent methadone treatment. He had a liver transplant at TMC in September 2002.

The Department of Veterans' Affairs denied Solis's FTCA claim in April 2006. Solis then sued.

II.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine

issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "A dispute regarding a material fact is 'genuine' if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party." Roberson v. Alltel Info. Servs., 373 F.3d 647, 651 (5th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). We review summary judgment de novo, applying the same standard as did the district court. Alvarado v. Texas Rangers, 492 F.3d 605, 611 (5th Cir. 2007). All facts are construed in favor of the non-movant. Id.

Liability under the FTCA is determined by the law of the state where the act or omission occurred. 28 U.S.C. § 1346(b); Hatahley v. United States, 351 U.S. 173, 180 (1956). Under Louisiana law, a claim for negligence arising out of medical malpractice must establish (1) the degree of knowledge or skill that must be possessed by a health care provider in the field in question; (2) that the health provider's treatment fell below the ordinary standard of care expected; and (3) that a causal relationship existed between the alleged negligent treatment and the injuries sustained. LA. REV. STAT. ANN. § 9:2794 (2003). Courts look to expert witnesses to determine the requisite degree of knowledge the health provider must possess and whether it exercised reasonable care or diligence.[1] Levron v. State, 673 So. 2d 279, 285 (La. App. 4th Cir.), writ denied, 679

---

[1] Solis urges that this case falls into the exception set forth in Hastings v. Baton Rouge Gen. Hosp., 498 So. 2d 713, 719 (La. 1986), which does not require an expert report "[w]hen a physician does an obviously negligent act, such as fracturing a leg during an examination; amputating the wrong arm; carelessly dropping a knife, scalpel, or acid on a patient; or leaving a sponge in a patient's body." We note, however that Louisiana courts have not extended this list. See, e.g., Cockerham v. LaSalle Nursing Home, Inc., 930 So. 2d 239, 246 (La. App. 3d Cir.) (holding that plaintiff was required to submit expert report even where alleged negligence involved improper replacement of gastric tube), writ denied, 937 So. 2d 391 (La. 2006).

We cannot conclude that the consequences of a failure to inform of a Hepatitis C diagnosis is of such obvious negligence that courts and juries do not need the guidance of medical experts. As the United States' expert report noted, failure to inform Solis of his diagnosis was not a breach of the standard of care, because Solis was already manifesting signs of advanced

(continued...)

So. 2d 1387 (La.), and writ denied, 679 So. 2d 1391 (La. 1996).

We determine that Solis did not submit a timely or proper expert report and therefore could not meet his burden. Rule 26(a)(2)(B) carefully details the requirements for expert reports in federal courts. The document on which Solis relies, Regenstein's admitting report, is not an expert report.[2] Moreover, the document does not contain Regenstein's opinion as to the applicable standard of care at the VAMC, that the VAMC breached any such standard, or that any breach of the standard was cause of Solis's need for a liver transplant. Solis therefore could not, as a matter of law, give the district court guidance into the proper standard of care or any alleged negligence. Without these, he could not satisfy his burden.

AFFIRMED.

---

[1] (...continued)
liver disease and would have needed a transplant anyway. In other words, we would need conflicting expert testimony to demonstrate why the failure to inform Solis of his Hepatitis C diagnosis was a breach of the duty of care.

[2] See FED. R. CIV. P. 26(a)(2)(B) (requiring, inter alia, the qualifications of the witness and any compensation to be paid for the testimony, which are missing in the admission report).